UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

MARGARET A. ZAJAC,                                                    Case No. HT03-06167

        Debtor.                                                              Chapter 7
_____/

**MOTION FOR APPROVAL OF STIPULATION
REGARDING NON-EXEMPT EQUITY IN REAL PROPERTY**

        James W. Boyd, the duly appointed Chapter 7 Trustee in this matter, in support of his motion states as follows:

        1.     This matter was filed under Chapter 7 of the Bankruptcy Code on May 13, 2003. James W. Boyd is the duly appointed Chapter 7 Trustee.

        2.     The Debtor owns residential real property in Manistee, Michigan which had equity of approximately $45,000 as of the date of the bankruptcy filing.  She has $17,425 in exemption available pursuant to 522(d)(5) of the Bankruptcy Code to apply to the equity, resulting in an overexemption of $27,575.

        3.     The Trustee and Debtor have entered into a stipulation whereby the Debtor will pay the sum of $27,575 in full satisfaction of the overexemption.  She has executed a Mortgage Note in the principal amount of $27,575 payable in monthly installments at 8% interest for eight years, and has given the Trustee a mortgage on the residential real property as security.

        4.     The Trustee intends to sell and assign all of the bankruptcy estate's rights and interest in said note and mortgage to a third party pursuant to Section 363 of the Bankruptcy Code.

        5.     The proposed settlement is not illegal, unconstitutional or against public policy because:

        a.     Pursuant to Section 704(1) of the Bankruptcy Code, one of the Trustee's statutory duties is to collect and reduce to money property of the estate.

        b.     Pursuant to Section 323 of the Bankruptcy Code, the Trustee is the estate's representative, and has the capacity to sue.  The Trustee may prosecute a claim against the Debtor pursuant to Bankruptcy Rule 6009.

        6.     The Trustee is disinterested in this case as follows:

        a.     The Trustee was appointed by the US Trustee pursuant to Section 701(a)(1) of the Bankruptcy Code, and he must be disinterested to serve.

      b.      Other than presiding at the Section 341 Meeting, the Trustee has never had any contact with the Debtor and otherwise does not know her.

      7.      The proposed settlement allows the Debtor to retain her residence and results in the bankruptcy estate having a saleable asset in the form of the note and mortgage. The settlement will provide a dividend to unsecured creditors. The Trustee therefore believes that settlement of this matter is in the best interests of the estate.

      The Trustee requests of this Court as follows:

      a.      To approve the Stipulation Between Trustee and Debtor Regarding Non-Exempt Equity in Real Property;

      b.      To provide such other relief as is just and equitable.

Dated: October 27, 2004                    /s/_____
                                                  James W. Boyd, Trustee
                                                  412 South Union
                                                  Traverse City, MI 49684
                                                  (231) 947-7900