UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

MARGARET A. ZAJAC,                                          Case No. HT03-06167

               Debtor.
_____/

**TRUSTEE'S NOTICE OF INTENT TO SELL NOTE AND MORTGAGE**

James W. Boyd, the duly appointed Chapter 7 Trustee in this matter, states as follows:

1. This matter was filed under Chapter 7 of the Bankruptcy Code on May 13, 2003.

2. The Debtor owns residential real property in Manistee, Michigan which had equity of approximately $45,000 as of the date of the bankruptcy filing. She has $17,425 in exemption available pursuant to 522(d)(5) of the Bankruptcy Code to apply to the equity, resulting in an overexemption of $27,575.

3. The Trustee and the Debtor have entered into a stipulation resolving the overexemption in said real property. The Debtor has executed a Mortgage Note providing for payment of $27,575 in monthly installments for eight years, and she has granted the Trustee a mortgage on the subject real property as security for the obligation.

4. The Trustee intends to sell and assign all of the bankruptcy estate's rights and interest in said note and mortgage to Gary Hollifield or his assignee for the sum of $13,500. Said sale is subject to the receipt of higher bids at or before the hearing set forth in Paragraph 12.

5. If the Trustee receives additional interest in the note and mortgage and determines it is appropriate to provide potential bidders with an opportunity to participate in competitive bidding, he may seek the Court's approval at the hearing to accept a high bid of not less than $13,500, and conduct a telephonic auction subsequent to said hearing.

6. The proposed purchaser has purchased similar assets from the Trustee. Otherwise, to the best of the Trustee's knowledge, information, and belief, the purchaser has no connection with any other party in interest and has no interest adverse to the estate.

7. The Trustee entered into the Note and mortgage with the Debtor because she did not have the ability to pay the overexemption quickly or in a lump sum. Therefore, the Trustee believes it is appropriate to sell the asset to a third party who can accept payments over time. The proposed sale will allow the bankruptcy estate to be distributed expeditiously and will provide a dividend to unsecured creditors. The Trustee therefore believes that sale of the Note and Mortgage are in the best interests of the estate.

8. The first payment on the Note is due November 1, 2004. The Trustee intends to complete the transaction with the purchaser upon approval of this sale on or after November 19, 2004, at which time the principal balance due on the Note is expected to be approximately

$27,369.01. Any payments due on or after December 1, 2004 which are made by the Debtor to the Trustee prior to closure of the sale will either be turned over to the buyer or will be credited to the purchase price.

      9.      The property shall be sold "AS IS, WHERE IS," without representation or warranty, expressed or implied, of any kind, nature or description, including, without limitation, any warranty of title or of merchantability, useability, or of fitness for any particular purpose.

      10.     This sale shall be conducted pursuant to Section 363 of the Bankruptcy Code, and the property shall be sold free and clear of all interests, liens and encumbrances. To the extent that any such interests, liens or encumbrances exist, the same shall attach to the proceeds of the sale in their present order, rank, and priority.

      11.     A response, objection, or request for hearing by a creditor or other party in interest must be filed in writing with the United States Bankruptcy Court for the Western District of Michigan, PO Box 3310, Grand Rapids, Michigan, 49501, with copies of the same being served upon James W. Boyd, Trustee, 412 S. Union, Traverse City, Michigan, 49684.

      12.     Any person who desires additional information may contact James W. Boyd, Trustee at (231) 947-7900. A hearing will be held on November 19, 2004 at 10:00 AM in the United States Bankruptcy Court, 3249 Racquet Club Drive, Logan Place West, Traverse City, Michigan, 49686, to consider higher bids, confirmation of the proposed sale, and any objections thereto.

      13.     Notice is hereby given that the court may, in its discretion, orally continue or adjourn the above hearing on the record in open court. If this occurs, parties in interest **will not** be given further written notice of the continued or adjourned hearing. If an entity is not present at the originally scheduled hearing, information regarding the time, date and place of an orally continued or adjourned hearing may be obtained at the clerk's office from the court files or docket.

Dated: October 28, 2004                  /s/ _____
                                                        James W. Boyd, Trustee
                                                        412 South Union
                                                        Traverse City, MI 49684
                                                        (231) 947-7900

This notice served:  10/28/04 SVK